NEWSOME *v.* STATE.

(In Banc. May 10, 1948.)

[35 So. (2d) 441. No. 36701.]

450

B. B. Allen, of Indianola, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

**Sydney Smith, C. J.**, delivered the opinion of the court.

The appellant was convicted under Section 2367, Code of 1942, on an indictment charging him with taking a pistol from the person of Mrs. J. W. Lusk against her will by putting her in fear of immediate injury to her person by the exhibition of a deadly weapon, and was sentenced to electrocution. He was arraigned and plead not guilty, but withdrew his plea in order to file a demurrer to the indictment. The demurrer was overruled, and the trial was proceeded with without his being again arraigned. No error was committed by the court below in overruling this demurrer or in not again arraigning the appellant.

Several other very serious questions are presented by the appellant's assignment of errors, one of which is that after having taken the stand as a witness, the appellant said he had no statement to make and gave no testimony, but over his objection the court permitted him to be cross-examined at length by the District Attorney, which examination disclosed, among other things, that he had been formerly convited of murder.

It will not be necessary for us to decide this and other questions raised by the appellant, except the two hereinafter set forth, for the judgment of the court below must

be reversed, as will hereinafter appear, and it is hardly probable that these pretermitted questions will arise when the appellant is tried again.

Two of the appellant's complaints are that the court below erred in not granting him an instruction to the effect that he could not be convicted of robbery by means of a deadly weapon, and in not instructing the jury to find him not guilty.

The appellant was a servant of Dr. and Mrs. J. W. Lusk and lived on their premises. On the occasion in question, Dr. Lusk was absent from home and Mrs. Lusk, a grown daughter, and her mother were in the house, each of them having separate rooms. Mrs. Lusk's room opened on a back porch, and the head of her bed was near the door thereto, by the side of which was a table or desk on which lay a pistol belonging to her. The appellant's conviction depends on the testimony of Mrs. Lusk who said that about 2 o'clock that night she heard a creaking on the back porch as if some one was trying to tip on the floor. "It startled me when I realized it wasn't anybody else in the family. I jumped up in the bed and it was not dark and I could see J. B. standing with the gun right on me. I jumped up and said, 'J. B., what in the world are you doing here?' I was in the dark and he was and I turned on the light and grabbed for my gun and he jumped in and took the pistol away from me there. The telephone was right there and the only thing I could do was ring the telephone and he said, 'Miss, don't scream and I won't shoot you.' I did scream loud and I began ringing the telephone and he began backing off and he backed out to the porch."

The appellant carried the pistol away with him and had it when he was arrested the next afternoon. The evidence discloses that the pistol was not obtained from Mrs. Lusk by putting her in fear of immediate injury to her person by the exhibition of a deadly weapon. While the weapon was exhibited, Mrs. Lusk did not surrender the pistol because thereof, and nothing was said by the

appellant indicating that he would use the pistol if she did not turn the one she had over to him. What he did was to take the pistol away from Mrs. Lusk by physical force—by jerking it out of her hand. Consequently, the court erred in not granting the appellant's instruction that he could not be convicted of robbery by means of a deadly weapon. The evidence, however, would justify the appellant's conviction under Section 2362, Code of 1942. Consequently, the court below committed no error in refusing his request for an instruction directing the Jury to find him not guilty.

Reversed and remanded.